IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. McCARTY, | CASE NO. CV F 06-0526 OWW LJO |
| Plaintiff, | **ORDER TO DISMISS COMPLAINT** |
| vs. | |
| ROBERT M. GRGURIC, | |
| Defendant. | |

## INTRODUCTION

Plaintiff John L. McCarty ("plaintiff") proceeds pro se and in forma pauperis and on May 2, 2006, filed his complaint against Florida attorney Robert M. Grguric to attempt to allege state law tort claims, including legal malpractice. The complaint alleges that in November 1998, plaintiff and LaDan McCarty ("Ms. McCarty") retained Mr. Grguric and plaintiff and Ms. McCarty each paid half for a "simple dissolution." The complaint alleges that Mr. Grguric "created an ex parte alliance with LaDan McCarty in Florida, which denied Plaintiff notice and traditional notions of fair play and substantial justice." The complaint further alleges that Mr. Grguric lied to and manipulated Florida courts "by illegally taking Plaintiff's disability income."

## DISCUSSION

### Standards For Screening

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal

1

1  may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service,*
2  *Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua
3  sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S.
4  319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*,
5  745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte
6  prior to service of process on defendants).

7        Since plaintiff proceeds in forma pauperis, this Court, notwithstanding any filing fee that may
8  have been paid, shall dismiss a case at any time if the Court determines the action is frivolous, malicious,
9  fails to state a claim on which relief may be granted, or seeks monetary relief against an immune
10 defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide:
11 Federal Civil Procedure Before Trial (2006) Attacking the Pleadings, para. 9:226.1, pp. 9-69. A court
12 need not accept as true factual allegations in in forma pauperis complaints and may reject "completely
13 baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v.*
14 *Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

15       A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v.*
16 *Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-1228 (9th Cir. 1984). A
17 frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Neitzke*, 490
18 U.S. at 324. A federal court may dismiss a claim as frivolous where it is based on an indisputably
19 meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

20       The test for maliciousness is a subjective one and requires the court to "determine the . . . good
21 faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v.*
22 *Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in
23 repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity
24 of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process
25 by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981);
26 *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629
27 (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to
28 dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice

also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

The face of the complaint reflects deficiencies to prevent plaintiff from offering evidence to support claims raised in the complaint.

## Jurisdictional Deficiencies

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; 114 S.Ct. at 1677. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-595 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader

seeks.

. . .

  (e)  Pleading to be Concise and Direct; Consistency.

  (1)  Each averment of a pleading shall be simple, concise and direct.

The complaint cites several statutes regarding jurisdiction but fails to allege facts to support jurisdiction. Although diversity jurisdiction may seem available under 28 U.S.C. § 1332, the complaint fails to allege facts to support personal jurisdiction over Mr. Grguric in that the complaint refers to alleged wrongs in Florida where Mr. Grguric practices law. In personam jurisdiction is required when a judgment is sought as to a defendant personally. Personal jurisdiction is an essential element of a court's jurisdiction and without it, a court "is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct. 1563, 1572 (1999). "Because a court without jurisdiction over the parties cannot render a valid judgement, [the court] must address Defendants' personal jurisdiction argument before reaching the merits of the case." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998).

Federal courts lack nationwide personal jurisdiction and have no broader power over persons outside the state in which they sit than do local state courts. *Omni Capital Int'l v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104-105, 108 S.Ct. 404, 410 (1987); *see* F.R.Civ.P. 4(k)(1)(A).

The complaint fails to establish this Court's subject matter jurisdiction and in personam jurisdiction over Mr. Grguric. In the absence of subject matter and in personam jurisdiction, this Court is unable to proceed on plaintiff's claims.

**Pleading Deficiencies**

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist." *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998). Despite the flexible pleading

policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.

The complaint fails to allege sufficient facts to identify grounds for relief against Mr. Grguric. The complaint's allegations appear fanciful by claiming that plaintiff and his apparent former spouse retained Mr. Grguric to handle their dissolution despite an obvious conflict of interest to do so. The complaint fails to provide Mr. Grguric fair notice and to state facts to support elements of particular claims.

The gist of the complaint's allegations appears to be legal malpractice. Plaintiff appears to allege various tort theories to avoid California's one-year limitations period for legal malpractice. *See* Cal. Code Civ. Proc., § 340.6(a). As a leading treatise notes: "Because alternative theories often are based on the same factual allegations as a negligence cause of action, such claims frequently are treated as redundant and are disregarded." 1 Mallen & Smith, *Legal Malpractice* (2005) Theory of Liability – Common Law, § 8.1, pp. 908-909. Plaintiff's claims are susceptible to limitations defenses, and the complaint appears to make vague allegations to avoid them.

**Malice**

This Court is concerned that plaintiff has brought this action in absence of good faith and attempts to take advantage of cost-free filing to vex Mr. Grguric. Such attempt to vex Mr. Grguric provides further grounds to dismiss plaintiff's complaint in that plaintiff brought another recent action to address his disability income and which this Court dismissed. *See John L. McCarty v. Jacqueline Mellon*, Case No. CV F 05-1650 REC LJO.

**Attempt At Amendment**

Plaintiff is admonished that this Court's Local Rule 15-220 requires an amended complaint to be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). After the filing of an amended complaint, the original pleadings serves no further function. Thus, in an amended complaint, each claim and involvement of each defendant must be sufficiently alleged.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES plaintiffs' complaint, filed May 2, 2006, with leave to amend; and
2. ORDERS plaintiffs, no later than May 17, 2006, to file an amended complaint in compliance with this order.

**This Court admonishes plaintiff that failure to file an amended complaint in compliance with this order will result in recommendation to dismiss this action for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   May 3, 2006                              /s/ Lawrence J. O'Neill
66h44d                                            UNITED STATES MAGISTRATE JUDGE