IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. McCARTY, | CASE NO. CV F 06-0526 OWW LJO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION** |
| vs. | |
| ROBERT M. GRGURIC, | |
| Defendant. / | |

## INTRODUCTION

Plaintiff John L. McCarty ("plaintiff") proceeds pro se and in forma pauperis and on May 2, 2006, filed his complaint against Florida attorney Robert M. Grguric to attempt to allege state law tort claims, including legal malpractice. The complaint alleged that in November 1998, plaintiff and LaDan McCarty ("Ms. McCarty") retained Mr. Grguric and that plaintiff and Ms. McCarty each paid half for a "simple dissolution." The complaint alleged that Mr. Grguric "created an ex parte alliance with LaDan McCarty in Florida, which denied Plaintiff notice and traditional notions of fair play and substantial justice." The complaint further alleged that Mr. Grguric lied to and manipulated Florida courts "by illegally taking Plaintiff's disability income."

This Court issued its order to dismiss the complaint on grounds that it: (1) failed to establish this Court's subject matter jurisdiction and in personam jurisdiction over Mr. Grguric; (2) failed to allege a cognizable cause of action against Mr. Grguric; (3) was susceptible to limitations defenses; and (4)

1

appeared designed to vex Mr. Grguric. In response to the order to dismiss, plaintiff filed on May 12, 2006 his "First Amended Complaint: Seeking Relief From Voidable Judgment & Orders Procured with Abuse of Process, Extrinsic Fraud, Absence of Jurisdiction of the Subject Matter or Over the Plaintiff" ("amended complaint"). The amended complaint names Mr. Grguric as the sole defendant. The amended complaint alleges plaintiff's income was wrongfully taken from him in Florida marital dissolution proceedings and takes issue with Florida court orders.

## DISCUSSION

### Standards For Screening

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

Since plaintiff proceeds in forma pauperis, this Court, notwithstanding any filing fee that may have been paid, shall dismiss a case at any time if the Court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2006) Attacking the Pleadings, para. 9:226.1, pp. 9-69. A court need not accept as true factual allegations in in forma pauperis complaints and may reject "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-1228 (9th Cir. 1984). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Neitzke*, 490 U.S. at 324. A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

The face of the amended complaint reflects deficiencies to prevent plaintiff from offering evidence to support claims raised in the amended complaint.

### Subject Matter Jurisdictional

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests

upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; 114 S.Ct. at 1677. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-595 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
>
> . . .
>
> (e)   Pleading to be Concise and Direct; Consistency.
>
> (1)   Each averment of a pleading shall be simple, concise and direct.

The amended complaint fails to allege a proper basis for this Court's jurisdiction. The amended complaint fails to allege facts to support this Court's jurisdiction. The amended complaint addresses the handling of a state court family law matter. Domestic and family law matters, including divorce and custody, are state courts' primary responsibility. Federal courts are prevented to hear disputes under the "domestic relations exception" to federal jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S.Ct. 2206 (1992); *Newman v. Indiana*, 129 F.3d 937 (7th Cir. 1997). Core or ancillary proceedings stemming from domestic relations or family law disputes fall within the exception.

The amended complaint seeks this Court's interference into family law and/or related disputes. Pursuant to *Ankenbrandt*, this Court finds that it is prevented to proceed with this action. *Ankenbrandt*, 504 U.S. at 703; *see also Allen v. Allen*, 48 F.3d 259, 261 n. 2 (7th Cir. 1995) (constitutional claim involving custody dispute fits within domestic relations exception).

In addition, a federal court is not the proper forum to attack state court orders. Federal courts lack jurisdiction to review or modify state court judgments under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S.Ct. 149 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303 (1983). The *Rooker-Feldman* doctrine is based

on 28 U.S.C. § 1257 which grants the United States Supreme Court jurisdiction to review decisions of the highest state courts for compliance with the federal Constitution. *See Rooker*, 263 U.S. 413, 44 S.Ct. 149; *Feldman*, 460 U.S. at 482, 103 S.Ct. 1303. The doctrine provides that "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir. 1998). "This is equally true in constitutional cases brought under [28 U.S.C.] § 1983, since federal courts must give 'full faith and credit' to the judicial proceedings of state courts.'" *Gottfried*, 142 F.3d at 330 (citing 28 U.S.C. § 1738). "Federal district courts lack subject matter jurisdiction to review such final adjudications or to exclude constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" *Valenti v. Mitchell*, 962 F.2d 288, 296 (3rd Cir. 1992) (quoting *Feldman*, 460 U.S. at 483, n. 16).

Moreover, a federal court lacks subject matter jurisdiction to review final determinations of state courts and claims "inextricably intertwined" with final state court decisions, even if such "inextricably intertwined" claims were not raised in state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-487 and n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998) (holding the *Rooker-Feldman* doctrine is jurisdictional). A federal district court is a court of original jurisdiction and has no authority to review final determinations of state courts. *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986); *Dubinka v. Judges of Superior Court of State of Cal. for County of Los Angeles*, 23 F.3d 218, 221 (9th Cir. 1994). "[A] losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-1006 (1994).

In short, the amended complaint reveals no grounds to properly invoke this Court's jurisdiction. An attempt at amendment is unwarranted.

### Personal Jurisdiction

The amended complaint fails to allege facts to support personal jurisdiction over Mr. Grguric in that the amended complaint refers to alleged wrongs in Florida where Mr. Grguric practices law. In

5

1  personam jurisdiction is required when a judgment is sought as to a defendant personally. Personal
2  jurisdiction is an essential element of a court's jurisdiction and without it, a court "is powerless to
3  proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct. 1563, 1572
4  (1999). "Because a court without jurisdiction over the parties cannot render a valid judgement, [the
5  court] must address Defendants' personal jurisdiction argument before reaching the merits of the case."
6  *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998).

7  Federal courts lack nationwide personal jurisdiction and have no broader power over persons
8  outside the state in which they sit than do local state courts. *Omni Capital Int'l v. Rudolph Wolff & Co.,*
9  *Ltd.*, 484 U.S. 97, 104-105, 108 S.Ct. 404, 410 (1987); *see* F.R.Civ.P. 4(k)(1)(A).

10 The amended complaint fails to establish this Court's subject matter jurisdiction and in personam
11 jurisdiction over Mr. Grguric. In the absence of subject matter and in personam jurisdiction, this Court
12 is unable to proceed on plaintiff's claims.

**Pleading Deficiencies**

14 A pleading may not simply allege a wrong has been committed and demand relief. The
15 underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds
16 upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v.*
17 *United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need
18 not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these
19 elements exist." *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis*
20 *v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998). Despite the flexible pleading
21 policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements
22 of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir.
23 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant
24 engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.

25 The amended complaint fails to allege sufficient facts to identify grounds for relief against Mr.
26 Grguric. The amended complaint vaguely alleges that plaintiff "was denied traditional notions of fair
27 play, substantial justice" and was denied due process to violate the Fifth and Fourteenth Amendments.
28 As a private attorney, Mr. Grguric could not have acted under color of state law to deprive plaintiff of

Constitutional privileges and to invoke 42 U.S.C. § 1983. *See Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). The amended complaint fails to provide Mr. Grguric fair notice and to state facts to support elements of particular claims.

Moreover, to the extent that the amended complaint attempts to allege legal malpractice, it is susceptible to California's one-year limitations period under Cal. Code Civ. Proc., § 340.6(a) in that the amended complaint references action taken in 1999. Like plaintiff's original complaint, the amended complaint appears to make vague allegations to avoid limitations defenses.

### Malice

This Court is concerned that plaintiff has brought this action in absence of good faith and attempts to take advantage of cost-free filing to vex Mr. Grguric. Such attempt to vex Mr. Grguric provides further grounds to dismiss plaintiff's amended complaint in that plaintiff brought another recent action to address his disability income and which this Court dismissed. *See John L. McCarty v. Jacqueline Mellon*, Case No. CV F 05-1650 REC LJO.

### RECOMMENDATION AND ORDER

For the reasons discussed above, this Court RECOMMENDS to DISMISS this action without prejudice on grounds that: (1) the amended complaint fails to establish this Court's subject matter jurisdiction and in personam jurisdiction over Mr. Grguric; (2) the amended complaint fails to state a claim upon which relief may be granted; (3) a further attempt at amendment is unwarranted based on jurisdictional defects, available defenses, and the amended complaint's deficiencies; and (4) the amended complaint lacks good faith and exhibits plaintiff's intent to vex Mr. Grguric.

These findings and recommendations are submitted to the United States district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304. No later than May 26, 2006, plaintiff may file written objections to these findings and recommendations with the Court and serve a copy on the magistrate judge in compliance with this Court's Local Rule 72-304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district court will then review the magistrate judge's ruling, pursuant to 28 U.S.C. § 636(b)(1)(c)). Plaintiff is admonished that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

1  **Plaintiff is admonished not to attempt to file an amended complaint as plaintiff's recourse
2  is to object to these findings and recommendations. Plaintiff is further admonished this Court will
3  strike any papers to attempt to file an amended complaint unless this Court specifically grants
4  plaintiff permission to file an amended complaint.**
5  IT IS SO ORDERED.
6  **Dated:   May 15, 2006**          /s/ Lawrence J. O'Neill
   66h44d                             UNITED STATES MAGISTRATE JUDGE